JUDGMENT AND ORDER OF EVICTION
'[’he Plaintiff, Mohegan Tribal Housing Authority, filed an eviction complaint against the Defendants, Raymond Greene, Jr., Denise Provencher, Justin Provencher, and All Other Occupants to the Lease, pursuant Mohegan Tribe Code (MTC) §§ 1-391 -1-401; and
The Court held a hearing on the Plaintiffs Motion For Judgment By Stipulation on June 16, 2006 at which time the Plaintiff appeared and was heard; and
The Defendants, Raymond Greene, Jr., Denise Provencher and Justin Provencher, have filed pro se appearances in this action; and
Alter hearing had, the Court hereby finds as follows:
A. The dwelling at 19 Broadview Avenue, Uncasville, Connecticut, leased by the Plaintiff to the Defendant, Raymond L. Greene, Jr. and members of Ms household, is located on trust land, and the Court therefore has subject matter jurisdiction pursuant to MTC § 1-396; and
B. The Defendants, Raymond Greene, Jr., Denise Provencher, and Justin Pro-vencher, were duly served with the eviction complaint in accordance with MTC § l-399(d). The following members of the household are minors and are children of either Raymond Greene, Jr. or Denise Provencher: K.L., P.L., D.G., R.G. HI, and R.G.; and
C.The Plaintiff and the Defendants have entered into a Stipulation for Judgment dated June 12, 2006;
It is therefore, ORDERED, in accordance with the Stipulation of the parties and/or MTC § 1-401, that:
1. Judgment shall enter in favor of the Plaintiff. The Plaintiff shall have sole and exclusive possession of the dwelling at 19 Broadview Avenue, Uncasville, Connecticut;
2. The Defendants are ordered to quit and surrender possession of the dwelling and to remove all possessions and personal effects from the dwelling on or before June 16, 2006, provided that execution on this Judgment is stayed until June 30, 2006 at 12:00 p.m. (noon);
3. The lease for the dwelling between the Plaintiff and the Defendants is hereby ordered terminated and forfeited;
4. In the event that the Defendants have not removed themselves and/or their possessions and personal effects from the dwelling on or before June 30, 2006 at 12:00 p.m. (noon), and the Plaintiff has requested and the Clerk of the Tribal Court has issued a Notice and Execution For Possession, then the Tribal Police are ordered to remove the Defendants and remove, or cause to be removed the Defendants’ possession and personal effects;
5. If the Tribal Police remove the Defendants’ possessions and/or personal effects, the Plaintiff shall store, or cause to be stored, said possessions and personal effects at the expense of the Plaintiff, but said expense shall be charged against the Defendants;
*466 6. If such, possessions and/or personal effects are not called for by the Defendants and the expense of such removal and storage is not paid to the Plaintiff by the Defendants within fifteen (15) days after such eviction, the Defendants shall forfeit such possessions and personal effects to Plaintiff and the Plaintiff may dispose of them as the Plaintiff deems appropriate. Any surplus of funds over the amount owed that may result from the disposition shall, after deduction of any costs of sale, be returned to the Defendants.
7. A rental arrearage exists in the amount of. One Thousand Five Hundred Thirty ($1,530.00) Dollars and is to be paid to the Plaintiff, Mohegan Tribal Housing Authority, by withholding said sum from the Defendant, Raymond Greene Jr.’s, August per capita distribution;
8. The Court shall retain jurisdiction for a period of ninety (90) days from this Judgment to assess any damages which may be caused to the Plaintiff by the default under the Lease, including damage for any waste by the Defendants, provided, however, that pursuant to the Stipulation of the parties, the Plaintiffs claim for additional damages shall be limited to an assessment against the Defendants for excessive damage to the dwelling, which exceeds ordinary wear and tear.